UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JACQUELINE MODJESKI,<br><br>               Plaintiff,<br>vs.<br><br>FARMHOUSE RESTAURANT LLC,<br>SELECT MILK PRODUCERS, INC.,<br>THE HAMSTRA GROUP, INC.,<br>HAMSTRA BUILDERS, INC., and<br>HAMSTRA FARMHOUSE LLC,<br><br>               Defendants. | CASE NO. 4:20-cv-85<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Jacqueline Modjeski, by counsel, for her Complaint against Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., Hamstra Builders, Inc., and Hamstra Farmhouse LLC, alleges and states as follows:

1. On or about May 9, 2019, Plaintiff Jacqueline Modjeski sustained severe and permanent injuries as the result of a fall at the Farmhouse Restaurant, which is located on the premises of Fair Oaks Farms, in the unincorporated community known as Fair Oaks, Indiana, in Jasper County, Indiana.

## Parties

2. At all times relevant to this Complaint, Plaintiff Jaqueline Modjeski is and was a citizen, resident, and domiciliary of the state of Illinois.

3. Farmhouse Restaurant LLC is a limited liability company formed

under the laws of Indiana, with its principal place of business in the unincorporated community known as Fair Oaks, Indiana, in Jasper County, Indiana.

4.     As explained more fully below, Farmhouse Restaurant LLC is a citizen of New Mexico and Texas for purposes of 28 U.S.C. § 1332.

5.     Farmhouse Restaurant LLC's registered agent for service in the state of Indiana is Jolynn Gosser, 864 North 600 East, Fair Oaks, IN 47943.

6.     Select Milk Producers, Inc. is a nonprofit, non-religious corporation formed under the laws of New Mexico, with its principal place of business in Dallas, Texas.

7.     Select Milk Producers, Inc. is a citizen of both New Mexico and Texas for purposes of 28 U.S.C. § 1332.

8.     Select Milk Producers, Inc.'s registered agent for service in the state of Indiana is CT Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

9.     The Hamstra Group, Inc. is a for-profit corporation organized under the laws of Indiana, with its principal place of business in Wheatfield, Indiana, in Jasper County, Indiana.

10.    The Hamstra Group, Inc. is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

11.    The Hamstra Group, Inc.'s agent for service in the state of Indiana is Mitchell H. Van Kley, 12028 N CR 200 W, Wheatfield, IN 46392.

12.    Hamstra Builders, Inc. is a for-profit corporation organized under the

laws of Indiana, with its principal place of business in Wheatfield, Indiana, in Jasper County, Indiana.

13. Hamstra Builders, Inc. is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

14. Hamstra Builders, Inc.'s agent for service in the state of Indiana is Mitchell H. Van Kley, 12028 N County Rd. 200 W., Wheatfield, IN 46392.

15. Hamstra Farmhouse LLC is a limited liability company organized under the laws of Indiana, with its principal place of business in Wheatfield, Indiana, in Jasper County, Indiana.

16. As explained more fully below, on information and belief, Hamstra Farmhouse LLC is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

17. Hamstra Farmhouse LLC's agent for service in the state of Indiana is Mitch Van Kley, 12028 N. 200 West, Wheatfield, IN 46392.

**Statement of Jurisdiction
&
<u>Explanation of Citizenships</u>**

18. This Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of parties and the amount in controversy for the claims of Plaintiff exceeds $75,000.

19. Plaintiff is a citizen of and domiciled in Illinois.

20. Defendant Farmhouse Restaurant LLC is a citizen of New Mexico and Texas for purposes of 28 U.S.C. § 1332.

21. Farmhouse Restaurant LLC is a wholly owned subsidiary of Northern

Agri Business Acquisitions LLC, which is the sole member of Farmhouse Restaurant LLC.

22. Northern Agri Business Acquisitions LLC, is an Indiana limited liability company that is a wholly owned subsidiary of Select Milk Producers, Inc., which is the sole member of Northern Agri Business Acquisitions LLC.

23. Defendant Select Milk Producers, Inc. is a foreign nonprofit, non-religious corporation organized under the laws of New Mexico and with its principal place of business in Dallas, Texas.

24. Select Milk Producers, Inc. is a citizen of both New Mexico and Texas for purposes of 28 U.S.C. § 1332.

25. The Hamstra Group, Inc. is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

26. Hamstra Builders, Inc. is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

27. On information and belief, Hamstra Farmhouse LLC is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

28. On information and belief, Hamstra Farmhouse LLC is a wholly owned subsidiary of The Hamstra Group, Inc., which is the sole member of Hamstra Farmhouse LLC.

## Facts

29. On or about May 9, 2019, Plaintiff and her family visited the Farmhouse Restaurant.

30. The Farmhouse Restaurant is located on the premises of Fair Oaks Farms.

31. Fair Oaks Farms is located in the unincorporated community known as Fair Oaks, Indiana, in Jasper County, Indiana.

32. At that time and all times relevant, Plaintiff was an invitee to the premises.

33. For their meal, Plaintiff and her family were seated at a booth on an elevated platform within the restaurant.

34. Following their meal, Plaintiff exited the booth and then fell while descending from the elevated platform.

35. The elevated platform, booth, and other conditions of the Farmhouse Restaurant constituted unreasonably dangerous conditions.

36. As a result of her fall, Plaintiff suffered serious physical, mental, emotional, and economic losses.

37. Farmhouse Restaurant LLC and Select Milk Producers, Inc. each separately and collectively control and operate the premises of the Farmhouse Restaurant.

38. The Hamstra Group, Inc. and Hamstra Farmhouse LLC each separately and collectively control and operate the premises on which the Farmhouse Restaurant is located.

39. The Hamstra Group, Inc. and Hamstra Farmhouse LLC each separately and collectively lease the premises on which the Farmhouse Restaurant

is located to Farmhouse Restaurant LLC and/or Select Milk Producers, Inc.

40. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each knew of the danger posed to invitees such as Plaintiff by the elevated platform, booth, and other conditions described above.

41. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each should have expected that Plaintiff would not discover or realize the danger of the condition, or would fail to protect herself against it.

42. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each collectively and separately failed to warn Plaintiff of the dangers posed by the elevated platform, booth, and other conditions described above.

43. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each collectively and separately failed to take reasonable steps to protect Plaintiff despite knowing and expecting her to encounter the danger posed by the elevated platform, booth, and other conditions described above.

44. Through both their actions and inactions, Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each breached its respective duties owed to Plaintiff as an invitee to the premises.

45. Hamstra Builders, Inc. was responsible for the construction of the elevated platform, booth, and other conditions described above.

46. Hamstra Builders, Inc., was negligent in its construction of the elevated platform, booth, and other conditions described above, resulting in the injuries and losses suffered by Plaintiff.

## CAUSES OF ACTION

47. The following is a non-exhaustive list of causes of action supported by the facts of this case. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) ("We have consistently held that plaintiffs are not required to plead legal theories. While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all." (citations omitted)). These enumerated causes of action shall not in any way limit the legal bases for liability or recovery in this case.

### Count I: Negligence —
### Against: Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC

48. Plaintiff incorporates all allegations of this Complaint as though fully stated here.

49. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each owed Plaintiff a duty to provide premises that were free of unreasonably dangerous conditions.

7

50. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each owed Plaintiff a duty to warn her or otherwise take reasonable steps to safeguard from injury caused by unreasonably dangerous conditions of the premises on which the Farmhouse Restaurant was operated.

51. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each breached its respective duties through the conduct described above.

52. As a direct and proximate cause of Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC each breaching its respective duties to Plaintiff, Plaintiff suffered injuries and losses.

53. Farmhouse Restaurant LLC, Select Milk Producers, Inc., The Hamstra Group, Inc., and Hamstra Farmhouse LLC are liable to Plaintiff for the injuries and losses she has suffered.

**Count II: Negligence —
Against: Hamstra Builders, Inc.**

54. Plaintiffs incorporate all allegations of this Complaint as though fully stated here.

55. Hamstra Builders, Inc. and any other Defendant who was responsible for design and construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant present at the time of Plaintiff's fall, owed duties to persons such as Plaintiff to use reasonable care in the construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant.

56. Hamstra Builders, Inc. and any other Defendant who was responsible for design and construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant present at the time of Plaintiff's fall, were negligent in the design and/or construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant.

57. It was reasonably foreseeable to Hamstra Builders, Inc. and any other Defendant who was responsible for design and construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant present at the time of Plaintiff's fall, that Plaintiff and similarly situated persons would be injured by the negligent design and/or construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant.

58. The negligence of Hamstra Builders, Inc. and any other Defendant who was responsible for design and construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant present at the time of Plaintiff's fall in the design and/or construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant is both the direct and proximate cause of the injuries and losses suffered by Plaintiff.

59. Hamstra Builders, Inc. and any other Defendant who was responsible for design and construction of the elevated platform, booth, and other conditions of the Farmhouse Restaurant present at the time of Plaintiff's fall is each liable to Plaintiff for the injuries and losses she has suffered.

WHEREFORE, Plaintiff respectfully requests judgment in an amount that

will fairly compensate her for the losses and damages she has and will sustain as a result of Defendants' actions, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of her claims.

Respectfully submitted,

*/s/ Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*